**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued January 8, 2008
Decided August 3, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 07-1832

| | |
|---|---|
| BRUCE A. TAMMI, | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *Plaintiff-Appellee*, | |
| *v.* | No. 04 C 1059 |
| PORSCHE CARS NORTH AMERICA, INC., | **Charles N. Clevert, Jr.**, *Judge.* |
| *Defendant-Appellant*. | |

**O R D E R**

This case comes to us on remand from the Wisconsin Supreme Court. In our earlier opinion, we affirmed the judgment of the district court in part, and certified four questions to the Wisconsin Supreme Court pertaining to interpretation of the Wisconsin Lemon Law,

Wis. Stat. § 218.0171, in order to ascertain the propriety of the district court's damages award for the plaintiff. In light of the Wisconsin Supreme Court's answers, we vacate the district court's damages award and remand for further proceedings.

We will assume familiarity with our earlier opinion in *Tammi v. Porsche Cars N. Am., Inc.*, 536 F.3d 702 (7th Cir. 2008). Bruce Tammi sued Porsche Cars North America, Inc. ("Porsche") in Wisconsin state court seeking damages for violations of the Wisconsin Lemon Law, Wis. Stat. § 218.0171, arising out of his lease of a 2003 Porsche 911 Turbo. After Porsche removed the case to the Eastern District of Wisconsin, a jury heard the evidence and returned a verdict in favor of Tammi, awarding him $26,600.00 in damages. The district court then granted Tammi's post-trial motion to alter the damages award, increasing the amount to $266,159.76. The court arrived at that figure by adding the $57,458.00 Tammi paid in lease payments to the $75,621.88 purchase price Tammi paid for the car, and then doubling that sum in accordance with Wis. Stat. § 218.0171(7), which instructs a court to double the amount of pecuniary loss incurred by a consumer who prevails in an action under the Wisconsin Lemon Law. The district court refused to reduce the pecuniary loss amount based on Tammi's use of the car and allowed him to keep the car.

Porsche appealed, arguing that the evidence was insufficient to sustain the jury's verdict, the district court should have granted its motion for a new trial, and that the district court erred in calculating Tammi's damages. We rejected Porsche's first two contentions but decided to seek the Wisconsin Supreme Court's guidance on the third. *Tammi*, 536 F.3d at 707–09, 712. Accordingly, we certified the following four questions to the Wisconsin Supreme Court:

> 1. When a consumer defined in Wisconsin Statute Section 218.0171(1)(b) 4. brings an action pursuant to subsection (7), if that consumer, after making his Lemon Law demand, then exercises an option to purchase and buys the vehicle as provided in the lease, is the consumer then entitled to recover the amount of the purchase price?

> 2. If the consumer defined in Wisconsin Statute Section 218.0171(1)(b)(4). is entitled to recover the vehicle purchase price when he exercises the purchase option provided in the lease, does the purchase amount qualify as pecuniary loss subject to the doubling provision in subsection (7)?

3. If the answers to questions 1 and 2 are in the affirmative, is the consumer permitted to keep the purchased vehicle in addition to the receipt of the damage award or must the vehicle be returned to the manufacturer?

4. Is a damage award under subsection (7) subject to a reduction for reasonable use of the vehicle?

*Id.* at 713–14.

The Wisconsin Supreme Court granted our certification request and on July 17, 2009, issued answers to two of the certified questions. *Tammi v. Porsche Cars N. Am., Inc.*, No. 2008AP1913-CQ, ___ N.W.2d ___, 2009 WL 2105355 (Wis. July 17, 2009). Regarding the first question, the Wisconsin Supreme Court answered in the negative: "When a consumer who is leasing a motor vehicle brings an action against the manufacturer of the vehicle pursuant to subsection (7) of Wis. Stat. § 218.0171, and then exercises his option to purchase the vehicle under the terms of the lease, the consumer is not entitled to damages for the price of his voluntary purchase because his purchase was not 'caused' by any violation of the statute by the manufacturer." *Id.* ¶ 2. In light of that answer, the court determined it was unnecessary to answer the second and third questions. *Id.* ¶ 3. The court then answered the fourth question: "The plain language of the statute makes clear that a consumer's refund under Wis. Stat. § 218.0171(2)(b)2.b. or 3.a. is subject to a reasonable allowance for use. Because we read subsection (7) in conjunction with the rest of the statute, we conclude that the amount of 'pecuniary loss' under Wis. Stat. § 218.0171(7) must incorporate a reasonable allowance for use before the pecuniary loss is doubled." *Id.* ¶ 4.

In light of these answers, the district court's damages award for Tammi was incorrect, particularly its inclusion of the vehicle's purchase price in the pecuniary loss calculation and its failure to reduce the pecuniary loss amount by a reasonable allowance for use before doubling that figure under Wis. Stat. § 218.0171(7). We therefore **VACATE** the damages portion of the district court's judgment and **REMAND** for further proceedings consistent with this order, our prior opinion, and the Wisconsin Supreme Court's answers to the certified questions.